ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV -3 P 12: 04

CLERK _L. Jerdiss_
SO. DIST. OF GA.

| | |
|---|---|
| BOBBY MARSHAY HERNDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 106-077 |
| | ) |
| JOHN BUSH, Major; ASHLEY | ) |
| HAMILTON, C and H Services Contractor; | ) |
| and STACY WILLIAMS, Nurse, | ) |
| | ) |
| Defendants. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, who is currently incarcerated at the Burke County Jail in Waynesboro,

Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding

*pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding *pro se*, the Court gave

him an opportunity to amend his original complaint to cure pleading deficiencies. (Doc. no.

7). Plaintiff filed an amended complaint within the fifteen (15) day time period set forth by

the Court. (Doc. no. 8). As Plaintiff's amended complaint was filed IFP, it must be screened

to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S.

519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof,

that is frivolous or malicious or that fails to state a claim upon which relief may be granted.

28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following.  Plaintiff

names the following Defendants:  (1) Nurse Stacy Williams, (2) Major John Bush, and (3)

Ashley Hamilton, who is, presumably, an employee of C and H Services ("C&H").[1]  (Doc.

no. 8, p. 1).

Plaintiff alleges that C&H utilized drain opening chemicals containing "liquid acid"

to clear a clogged drain at the Burke County Jail on March 3, 2006, through March 10, 2006,

between the hours of 8:00 a.m. to 4:00 p.m.  (Id. at 5).  Plaintiff claims that these chemicals

were used improperly and without warning.  As a result he was subjected to toxic fumes

which damaged his eyes.  (Id.).

Plaintiff filled out several "sick call slips" requesting to see an eye doctor and was

subsequently examined by a "medical doctor" on two occasions.  (Id.).  The doctor diagnosed

Plaintiff with "chronic anterior uveitis and corneal injury from chemical, radiation, or

thermal burns, or penetration of foreign bodies."  As of the date his amended complaint was

signed, Plaintiff had only seen this doctor concerning his condition even though he requested,

and the doctor recommended, that he be referred to a specialist.  (Id.).  Plaintiff states that

he is presently in pain as a result of this injury.  (Id. at 6).

## II. DISCUSSION

Although Plaintiff names "Ashley Hamilton, C and H Services Contractor," Nurse

Williams, and Major Bush as defendants, these persons are not even mentioned anywhere

in the statement of claim.  (Id. at 1, 5).  As such, Plaintiff has not set forth any allegations

---

[1]The Court notes that Plaintiff no longer names C&H and the Burke County Jail as
Defendants.  Thus, they were properly terminated from the docket.

which indicate that his rights were violated by these Defendants. Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Ashley Hamilton, Nurse Williams, and Major Bush.

Furthermore, even if the Court assumes that Ashley Hamilton is the employee of C&H who poured the drain opening chemicals, C&H is a private entity and the fact that certain individuals at the Burke County Jail may be liable for the acts of this employee under an agency theory does not automatically transform these actions into state action. See Patrick v. Floyd Medical Ctr., 201 F.3d 1313, 1317 (11th Cir. 2000) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). State action does not arise merely as a matter of *respondeat superior*. Id. (citing Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (citations omitted). "Rather, it is only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'" Id. (quoting Monell, 436 U.S. at 694). Plaintiff does not contend that Ashley Hamilton, or anyone else affiliated with C&H, acted pursuant to an official policy or custom of the Burke County Jail, merely that its employees improperly used drain opening chemicals of their own accord. Therefore, Plaintiff has not established that any of the claimed violations regarding the use of drain opening chemicals involved state action for the purposes of § 1983.

Also, a C&H employee's acts during this one episode do not dictate that liability flows to individuals at the Burke County Jail. Plaintiff has not alleged anything more than negligence with regard to the release of the toxic fumes. He has not alleged the sort of reckless disregard for prisoner safety required for stating a valid § 1983 claim. See, e.g.,

3

Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (recognizing that negligence is not a constitutional violation simply because victim is a prisoner). Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 3ᵃᵈ day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4